UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
FIREPASS IP HOLDINGS, INC. and FIREPASS
CORPORATION,

                         Plaintiffs,           **MEMORANDUM & ORDER**

    -against-                                         09-CV-4234 (ENV) (LB)

AIRBUS AMERICAS, INC., AIRBUS S.A.S., and
PARKER-HANNIFIN CORPORATION,

                         Defendants.
-----------------------------------------------------------------x

**VITALIANO, D.J.**

      On October 1, 2009, plaintiffs Firepass IP Holdings, Inc. ("Firepass IP") and Firepass Corporation brought this action against defendants Airbus Americas, Inc., Airbus S.A.S. (collectively, "Airbus"), and Parker-Hannifin Corporation alleging infringement of four United States Patents (the "patents in suit") concerning technology for reducing the flammability of vapors from fuel tanks on aircraft. Following a pre-motion conference held on January 28, 2011, Richard Hurwitz has moved to intervene in the action pursuant to Fed. R. Civ. P. 24, asserting his interest in any potential recovery awarded to Firepass IP in this action. For the reasons below, Hurwitz's motion is denied.

**I.    BACKGROUND**

      On June 1, 2005, Hurwitz signed a finder's agreement with Firepass IP (the "agreement"), entitling him, inter alia, to 20% of the net consideration received as a result of any infringement claim regarding certain patents of Firepass IP, including the four patents in suit, provided that Hurwitz assisted Firepass IP in retaining counsel to litigate the infringement

1

claims.[1] The agreement provides that "[a]ll Consideration payable to Company and commissionable by Finder pursuant to the terms of this Agreement will be paid into a separate account to be established in the joint names of Company and Finder." The agreement also contains a mandatory arbitration clause.

Hurwitz asserts that he assisted Firepass IP in finding and retaining its counsel in the present action, Cohen & Gresser LLP, and that Cohen & Gresser also represented Firepass IP in an earlier action, involving the same patents at issue here, against Boeing Company and Honeywell International, Inc. After that earlier action resulted in settlement, Hurwitz sought his finder's fee, but Firepass IP disputed whether Hurwitz was owed anything under the agreement. Hurwitz commenced arbitration, resulting in a decision issued October 1, 2010, in which it was determined that Hurwitz indeed assisted Firepass IP in retaining Cohen & Gresser and was therefore due a finder's fee. Hurwitz was awarded 20% of the settlement amount apportioned to Firepass IP. Hurwitz was dissatisfied with this result, however, since a much greater share of the settlement received from the Boeing litigation was allocated to Firepass Corporation and other entities, rather than Firepass IP. Hurwitz was not a party to that underlying litigation and had no role in fashioning the settlement agreement. The subsequent disappointing arbitration result has evidently led Hurwitz to file the instant motion to intervene, for which he first sought permission to file some 15 months after the initiation of this action.

## II. DISCUSSION

Hurwitz has moved for intervention as of right under Fed. R. Civ. P. 24(a), and, in the alternative, for permissive intervention under Fed. R. Civ. P. 24(b). Rule 24(a) requires intervention be granted when the movant "claims an interest relating to the property or

---

[1] Steven Sanders also signed the original agreement, and Sanders subsequently assigned his rights under the agreement to Hurwitz.

2

transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2); see also MasterCard Int'l, Inc. v. Visa Int'l Serv. Ass'n, 471 F.3d 377, 389 (2d Cir. 2006). To satisfy Rule 24(a)(2), an intervenor's interest must be "direct" rather than "contingent upon the occurrence of a sequence of events before it becomes colorable," and intervention "cannot be used as a means to inject collateral issues into an existing action." Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990).

Hurwitz's interest in this case fails to satisfy the requirements of Rule 24(a). First, Hurwitz has conceded, both at the pre-motion conference and in his papers, that he has no interest at all in "the property . . . that is the subject of the action," namely, the patents in suit. He does not plan to participate in discovery or in the upcoming Markman hearing. When asked at the pre-motion conference whether he had a claim against any of the defendants, Hurwitz's counsel responded, "not a direct claim, no," and he agreed that Hurwitz's only putative claim "is a contract claim against the plaintiff." There is nothing in the proceedings up to this point to suggest Hurwitz would take a position or file any briefing regarding the issues to be decided in this patent action, such as claim construction, or the infringement, invalidity, or unenforceability of the patents in suit. To the contrary, Hurwitz's proposed cause of action sounds entirely in contract[2] and would "inject collateral issues into an existing action," which cuts sharply against any possible rationale for intervention. Washington Elec., 922 F.2d at 97.

---

[2] This, of course, raises the issue of the mandatory arbitration clause. Even if Hurwitz's intervention were permitted, he appears to have already signed away his right to have his contract claim heard in federal court. The Court need not decide this issue, however, as Hurwitz's intervention is inappropriate regardless of the arbitration clause.

3

Moreover, Hurwitz's interest is contingent on multiple factors, including whether plaintiffs prevail in this action and what, if any, damages they would be awarded. The agreement refers to an escrow account in which Hurwitz *would* have an interest, but crucially, that account does not yet exist and may never. It is an "account to be established" in the future *if* Firepass IP someday wins an award from the defendants. This lack of any existing fund or known amount in which Hurwitz can claim an interest distinguishes this case from the nonbinding precedent Hurwitz cites in support of his motion. See Turn Key Gaming, Inc. v. Oglala Sioux Tribe, 164 F.3d 1080 (8th Cir. 1999) (secured interest in property purchased and developed with proceeds of $2.65 million loan); Mountain Top Condo. Assoc. v. Dave Stabbert Master Builder, Inc., 72 F.3d 361 (3d Cir. 1995) (disbursement of a hurricane relief fund); Hardy-Latham v. Wellons, 415 F.2d 674 (4th Cir. 1968) (disbursement of a $15,000 commission); Jones v. Koons Automotive, Inc., 752 F. Supp. 2d 670 (D. Md. 2010) (secured lien on vehicle, with remaining finance obligations of $13,148); O.P.M. Leasing Servs., Inc. v. Blue Cross & Blue Shield of Greater N.Y., 46 B.R. 661 (Bankr. S.D.N.Y. 1985) (collateral of $100,000 was placed in an escrow account). Pointedly, in each of the cases Hurwitz cites, the object of the existing suit targeted for intervention was to determine the proper allocation of the funds in question. The Third Circuit's holding in Mountain Top, in fact, highlights the fatal flaw in Hurwitz's argument: "[A]n intervenor's interest *in a specific fund* is sufficient to entitle intervention in a case affecting that fund . . . Thus, when a particular fund is at issue, [if] an applicant claims an interest in the very property that is the subject matter of the suit," granting intervention is appropriate. 72 F.3d at 366. Here, there is no specific or particular fund at issue, and even if there were, the subject matter of the suit is the intellectual property owned by Firepass IP, rather than the disbursement of any putative damages or license royalties that may eventually materialize as a result of those intellectual property rights. Hurwitz claims no interest

4

in the patents themselves. Accordingly, his interest is far too indirect and contingent to warrant Rule 24(a) intervention.

Furthermore, Hurwitz's putative claim also falls well short of the standard for permissive intervention under Rule 24(b). A court has the discretion to allow intervention by a party with "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). It is indisputable that Hurwitz's proposed contract claim does not share any questions of law in common with the patent claims currently being litigated; Hurwitz has conceded as much. As for questions of fact, the patent claims involve disputes over the existence of invalidating prior art, the patentee's conduct before and during the prosecution of the patents, and whether defendants have infringed the patents. Hurwitz's contract claim, on the other hand, would involve a dispute over the interpretation of the finder's agreement, which is at best contingent on the outcome of the patent litigation. The contract claim may some day raise questions of law and fact about what interest, if any, Hurwitz has in any proceeds resulting from the patent litigation, but not questions of law or fact a court must decide in order to determine whether plaintiffs are entitled to judgment on their patent claims. The respective adjudicatory processes are obviously sequential rather than intertwined. There is no overlap between these two inquiries, and permissive intervention is thus also inappropriate.

### III. CONCLUSION

For all the foregoing reasons, Hurwitz's motion to intervene is denied.

SO ORDERED.

Dated: Brooklyn, New York
      May 18, 2011

s/ENV

_____
ERIC N. VITALIANO
United States District Judge

5