UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
FIREPASS IP HOLDINGS, INC. and FIREPASS
CORPORATION,

                             Plaintiffs,               **MEMORANDUM & ORDER**

                 -against-                             09-CV-4234 (ENV) (LB)

AIRBUS AMERICAS, INC., AIRBUS S.A.S., and
PARKER-HANNIFIN CORPORATION,

                             Defendants.
----------------------------------------------------------------x

**VITALIANO, D.J.**

      Plaintiffs Firepass IP Holdings, Inc. and Firepass Corporation brought this action against defendants Airbus Americas, Inc., Airbus S.A.S., and Parker-Hannifin Corporation alleging infringement of four United States Patents (the "patents in suit") concerning technology for reducing the flammability of vapors emanating from fuel tanks on aircraft. The parties have briefed on claim construction issues in connection with a hearing scheduled by the Court for July 12, 2011, pursuant to Markman v. Westview Instruments, Inc., 517 U.S. 370, 116 S. Ct. 1384 (1996). Independently, on April 25, 2011, the United States Patent and Trademark Office ("PTO") granted the request of Airbus S.A.S. for an inter partes reexamination of the four patents in suit, providing a preliminary declaration of invalidity as to all 20 of the patent claims asserted here. On May 23, 2011, defendants requested a stay of this action pending the PTO reexamination, and the parties subsequently provided a full briefing of that issue. For the reasons below, defendants' request is granted, and this action is stayed until further order.

1

## II. DISCUSSION

A court has the inherent power to control its own docket, including the power to stay proceedings where necessary to promote judicial economy and to prevent the waste of litigants' resources. Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936). Deciding whether to stay litigation pending PTO reexamination turns on three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." Xerox Corp. v. 3Com Corp., 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999).

All three factors weigh in favor of a stay. First, while plaintiffs complain of an asymmetry in litigation resources, they fail to show any nexus between that alleged asymmetry and any putative prejudice that would result from staying the case. Moreover, plaintiffs have not alleged any specific tactical disadvantage they may suffer as a result of a stay, except to assert a generalized allegation that defendants are infringing the patents in suit and that those patents have, of course, a limited term. But even if plaintiffs ultimately prevail after a delay in this litigation, they will be able to collect additional damages covering the extra time that elapsed, see, e.g., Softview Computer Prods. v. Haworth, Inc., No. 97-CV-8815, 2000 WL 1134471, at *3 (S.D.N.Y. Aug. 10, 2000), and plaintiffs' argument that damages would be inadequate compensation is conclusory at best and fantasy at worst. While plaintiffs emphasize that they are seeking injunctive relief, they are not automatically entitled to it. See eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 392-93, 126 S. Ct. 1837, 1840 (2006) (rejecting any "rule that an injunction automatically follows a determination" of infringement). Any claim of prejudice premised on the inadequacy of damages and entitlement to an injunction is therefore purely speculative.

2

Second, there is a significant likelihood that a stay will simplify the issues in this case. The reexamination covers all 20 of the asserted claims in the patents in suit. Given the documented probability that reexamination may result in the claims being modified or cancelled, there is a substantial risk of wasted effort if the Court devotes the time and resources necessary to construe claim terms that may at the end of the day change or disappear. Of course, it goes without saying that final determinations of invalidity on even *some* of the asserted claims will serve to narrow the issues in this case, yet even if the reexamination does *not* result in amendment or cancellation of the claims, the Court will benefit from the expertise of the PTO on the question of validity over the prior art. See Old Reliable Wholesale, Inc. v. Cornell Corp., 635 F.3d 539, 548 (Fed. Cir. 2011) ("While it is true that this court is not bound by the PTO's actions and must make its own independent determination of patent validity, it is equally true that the PTO has acknowledged expertise in evaluating prior art and assessing patent validity.") (internal citations and quotation marks omitted). Moreover, while it is accurate that reexamination solely concerns validity, a final determination of invalidity would obviously render all of the other issues in this case moot, given that, inter alia, "'invalid claim[s] cannot give rise to liability for infringement.'" Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1320 (Fed. Cir. 2009) (quoting Medtronic, Inc. v. Cardiac Pacemakers, Inc., 721 F.2d 1563, 1583 (Fed. Cir. 1983)).

Third, discovery is not complete and no trial date has even been contemplated let alone set. Plaintiffs misconstrue this factor in the analysis by focusing on the alleged tardiness of the request for reexamination and subsequent motion for a stay, whereas the inquiry instead centers on the parties' progress toward trial. See Xerox, 69 F. Supp. 2d at 406.[1] As for that progress, the

---

[1] Notwithstanding, even if the alleged tardiness of the requests for reexamination and stay are factored into the analysis, plaintiffs do not make any headway in their argument. In

3

parties predictably squabble over the current status of discovery and who is to blame for various delays, but it is clear that document production is not yet complete and numerous depositions — including that of the inventor of the patents in suit, Igor Kotliar — have yet to occur. Furthermore, while the parties have submitted their claim construction briefs, the rest of the usual landmarks on the road to trial in a patent case — the <u>Markman</u> hearing, a claim construction decision from the Court, expert discovery, and summary judgment briefing — all still lie ahead. As even the plaintiffs concede, this case is clearly "in the mid-stream" of the litigation lifecycle. (Pls.' Mem. 7). Accordingly, this factor also cuts decidedly in favor of a stay. See <u>Softview</u>, 2000 WL 1134471, at *3 (granting a stay even where summary judgment briefing had occurred, given that discovery was not complete and the <u>Markman</u> hearing had not been held).

## III. CONCLUSION

For the foregoing reasons, the request for a stay is granted, and the Court hereby orders this action stayed until further order, pending the resolution of the PTO reexamination of the patents in suit. The <u>Markman</u> hearing is adjourned without date.

SO ORDERED.

Dated: Brooklyn, New York
July 1, 2011

s/ENV
_____
ERIC N. VITALIANO
United States District Judge

---

reviewing the procedural history of this case, the Court finds no evidence of impermissible gamesmanship by the defendants. This case is still at a very early stage, and progress has been sluggish; this is not a situation where defendants somehow surprised plaintiffs with a reexamination on the eve of trial.